IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ATCHAFALAYA BASINKEEPER, LOUISIANA CRAWFISH PRODUCERS ASSOCIATION-WEST, GULF RESTORATION NETWORK, WATERKEEPER ALLIANCE, and SIERRA CLUB and its DELTA CHAPTER,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br><br>Defendant. | Case No. 3:18-cv-00023-SDD |

**BAYOU BRIDGE PIPELINE LLC'S UNOPPOSED MOTION TO INTERVENE
IN SUPPORT OF DEFENDANT**

Bayou Bridge Pipeline, LLC respectfully moves for leave to intervene in this matter as of right under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, permissively under Rule 24(b)(1)(B). This motion is unopposed. Bayou Bridge has conferred with counsel for plaintiffs and the U.S. Army Corps of Engineers. Counsel for plaintiffs do not oppose. Counsel for the U.S. Army Corps of Engineers take no position.

Plaintiffs challenge the federal permits, authorizations, verifications, and approvals for Bayou Bridge to construct Phase 2 of the Bayou Bridge Pipeline. Phase 1 of the project, which went into service in April 2016, is a 30-inch wide crude-oil pipeline running from Nederland, Texas to Lake Charles, Louisiana. Phase 2, a 24-inch wide pipeline, will transport crude oil from Lake Charles to St. James, Louisiana.

A party may intervene as of right under Rule 24(a)(2) when:

> (1) the motion to intervene is timely; (2) the potential intervener (sic) asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) the disposition of that

1

case may impair or impede the potential intervener's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervener's interest.

*Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005) (citation omitted).

Bayou Bridge satisfies each requirement.  First, this motion is timely.  Plaintiffs filed their complaint just 15 days ago, and the case has not progressed beyond that.  Second, Bayou Bridge has a direct interest in the property and transactions that are the subject of this litigation.  It is the builder and owner of the pipeline.[1]  It also holds the various federal permits, authorizations, and verifications that plaintiffs challenge.  And its beneficial owners have contractual obligations and rights that may be affected by this litigation.  Third, these interests are threatened by plaintiffs' request that this Court invalidate the aforementioned permits, authorizations, and verifications, to say nothing of plaintiffs' request for injunctive relief that is aimed at halting construction or operation of the pipeline.  Fourth, the Corps will not adequately represent Bayou Bridge's interests because the company has a direct financial stake in the challenged government action that the Corps does not share.  *See Crossroads Grassroots Policy Strategies v. FEC*, 788 F.3d 312, 320 (D.C. Cir. 2015) (courts "look skeptically on governmental entities serving as adequate interests for private parties").

In the alternative, Bayou Bridge should be allowed to intervene under Rule 24(b)(1)(B), which governs permissive intervention.  Even in cases where a proposed intervenor is not eligible for intervention as of right, permissive intervention is appropriate where the proposed intervenor has a claim or defense that shares a common question of law or fact with the main action and where intervention will not unduly prejudice or delay the action.  *See S.E.C. v. Stanford Int'l Bank, Ltd.*, 429 F. App'x 379, 382 (5th Cir. 2011).  Bayou Bridge seeks to defend the legal validity of the

---

[1]  Bayou Bridge is a joint venture between Energy Transfer Partners, L.P. and Philips 66 LP.

permits, authorizations, and verifications at issue. Those defenses share questions of law and fact common with the main action—*i.e.*, the claims challenging whether the Corps properly issued the same permits, authorizations, and verifications. Moreover, intervention would cause no delay or prejudice because Bayou Bridge would be participating from the case's inception. Thus, Bayou Bridge should be permitted to intervene even if the Court disagrees that it is entitled to intervene as of right.

## CONCLUSION

Whether as of right or permissively, Bayou Bridge should be allowed to intervene in this action for the reasons stated above.

Dated: January 26, 2018

Respectfully submitted:

*/s/ Justin J. Marocco*
**James C. Percy (La. Bar No. 10413)**
**Justin J. Marocco (La. Bar No. 35226)**
**Jones Walker, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, Louisiana 70809-7000
Telephone: (225) 248-2130
Facsimile: (225) 248-3130
jpercy@joneswalker.com
jmarocco@joneswalker.com

-and-

**William S. Scherman (*pro hac* to be filed)**
**David Debold (*pro hac* to be filed)**
**Gibson, Dunn & Crutcher LLP**
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
wscherman@gibsondunn.com
ddebold@gibsondunn.com

*Counsel for Bayou Bridge Pipeline, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record by filing the same in this Court's CM/ECF system this 26th day of January, 2018.

*/s/ Justin J. Marocco*