# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ATCHAFALAYA BASINKEEPER, LOUISIANA CRAWFISH PRODUCERS ASSOCIATION-WEST, GULF RESTORATION NETWORK, WATERKEEPER ALLIANCE, AND SIERRA CLUB AND ITS DELTA CHAPTER | CIVIL ACTION |
| VERSUS | 18-23-SDD-EWD |
| U.S. ARMY CORPS OF ENGINEERS | |

## RULING

This matter is before the Court on the *Motion for Temporary Restraining Order*[1] and the *Motion for Preliminary Injunction*[2] filed by Plaintiffs, Atchafalaya Basinkeeper, Louisiana Crawfish Producers Association-West, Gulf Restoration Network, Waterkeeper Alliance, and Sierra Club and its Delta Chapter ("Plaintiffs").  Defendant, U.S. Army Corps of Engineers ("Corps") has not had time to file an opposition to this motion, but appeared at a telephone status conference held on this date and advised the Court of its opposition to Plaintiffs' motion.  Bayou Bridge Pipeline, LLC ("Bayou Bridge") was granted leave to intervene in this action on behalf of the Corps.  Bayou Bridge also appeared at the telephone status conference and advised the Court of its opposition to Plaintiffs' motion. Because Plaintiffs cannot demonstrate a substantial likelihood of success on the merits

---

[1] Rec. Doc. No. 16.
[2] Rec. Doc. No. 15.
43830

at this early stage in the proceedings, the Court denies the *Motion for Temporary Restraining Order*[3] and has set the *Motion for Preliminary Injunction*[4] for hearing on February 8, 2018.

## I.   BACKGROUND

Plaintiffs contend that the Corps recently issued permits authorizing the Bayou Bridge pipeline, capable of carrying nearly half a million barrels a day of crude oil, to cross the Atchafalaya Basin without the full environmental review and assessment of risks required by law.  The Corps performed at least one[5] Environmental Assessment ("EA")[6] and concluded that no Environmental Impact Statement ("EIS") was needed; however, Plaintiffs maintain that the Corps' review failed to assess critical environmental impacts arising from project construction and operations and a long history of alleged noncompliance for other Corps pipeline permits in violation of the National Environmental Policy Act ("NEPA").[7]   Plaintiffs also contend the Corps' failure to consider spill risks violates the Clean Water Act ("CWA").  Further, Plaintiffs argue that the Corps has violated both NEPA and CWA by relying on inadequate mitigation.  Alleged violations of both NEPA and the CWA are reviewed under the Administrative Procedure Act ("APA").[8]

Plaintiffs seek a temporary restraining order ("TRO") and claim that the imminent

---

[3] Rec. Doc. No. 16.
[4] Rec. Doc. No. 15.
[5] At the telephone status conference of January 30, 2018, counsel for the Corps advised the Court that two EA had been performed; only this Assessment was attached to Plaintiffs' pleadings.
[6] Rec. Doc. No. 15-31.
[7] 42 U.S.C. §§ 4321-4370f.
[8] 5 U.S.C. § 706.
43830

and ongoing construction will irreparably harm the unique environment of the Atchafalaya Basin, as well as the people who rely on it.  Specifically, Plaintiffs contend that a TRO is necessary to preserve the status quo because the irreparable harm sought to be enjoined – destruction of mature and ancient trees in the project's 75-foot right of way through the Atchafalaya Basin and the creation of a new open channel – will be completed in a matter of weeks.  Plaintiffs claim they reached out to the opposing parties, but they have refused to agree to suspend construction even for a few days while this motion is considered.

## II.    STANDARD FOR A TEMPORARY RESTRAINING ORDER

In order to obtain a TRO, Plaintiffs must demonstrate: (1) a substantial likelihood of success on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm to the defendant, and (4) that granting the preliminary injunction will not deserve the public interest.[9]   Because a temporary restraining order is an extraordinary remedy, it should be granted only if Plaintiffs clearly carry their burden of persuasion as to all four factors.[10]

## III.   AGENCY REVIEW

Under NEPA, review of an agency's decision not to perform an EIS after the completion of an Environmental Assessment is conducted under the "arbitrary and

---

[9] *Justin Industries v. Choctaw Securities, L.P.*, 920 F.2d 262 (5th Cir.1990).
[10] *Planned Parenthood Ass'n of Hidalgo Cnty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012) (quotation and citation omitted).
43830

capricious standard."[11]   Further, the Court is aware that NEPA is purely a procedural statute and does not permit a court to critique an agency's substantive decisions.[12]  Under NEPA, an EIS is only mandated when there is a proposal for legislation and major federal action that "significantly affects the quality of the human environment."[13] To make this determination, an agency prepares an EA, which is a concise document that describes the proposals and considers several factors including the viability of alternatives, direct and indirect impacts, cumulative effects that the proposed action may cause, and a listing of agencies and persons consulted.[14]

The First Circuit has explained that, while the reviewing court affords significant deference to the agency, the review "is not a rubber stamp."[15]  For example, a court "may not supply a reasoned basis for the agency's action that the agency itself has not given."[16] Nevertheless, "the existence of opposing views does not render the Corps' decision arbitrary and capricious."[17]

---

[11] *Sabine River Authority v. U.S. Dep't of Interior*, 951 F.2d 669, 677–78 (5th Cir.1992).
[12] *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 350 (1989)(holding that "[a]lthough these procedures are almost certain to affect the agency's substantive decision, it is now well settled that NEPA itself does not mandate particular process results, but simply prescribed the necessary process.").
[13] § 102(2)(C).
[14] *Save Our Wetlands v. U.S. Army Corps of Engineers*, No. Civ.A. 01-3472, 2001 WL 15245 at *1 (E.D. La. Nov. 29, 2001).
[15] *Dubois v. U.S. Dep't of Agric.*, 102 F.3d 1273, 1285 (1st Cir. 1996).
[16] *Id.* (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).
[17] *Northwest Bypass Group v. U.S. Army Corps of Engineers*, 470 F.Supp.2d 30, 43 (D. N.H. 2007)(citing Franklin *Sav. Ass'n v. Director, Office of Thrift Supervision*, 934 F.2d 1127, 1144 (10th Cir.1991) ("Conflicting expert opinion, however, is not sufficient to allow a reviewing court to conclude the agency decision was arbitrary, capricious or an abuse of discretion, nor is such evidence sufficient to overcome the presumption of regularity and correctness afforded to the appointment decision.").
43830

**IV.   ANALYSIS**

The Court reviewed the 92-page EA performed by the Corps for the project at issue.  Although the current record before the Court provides insufficient information for the Court to thoroughly review the EA, at this stage in the litigation, the Court cannot find that the Corps was arbitrary and capricious in its EA.  Simply having an opposing opinion, or disagreeing with the mitigation plans imposed, is insufficient to establish a substantial likelihood of success on the merits, especially in light of the high deference that the law requires the Court to afford the Corps.[18]  It is undisputed that the Corps held a public hearing and allowed for public comments in accordance with the law.[19]

The EA also clearly addresses the specific complaints of several Plaintiffs, albeit obviously not to Plaintiffs' satisfaction.[20]  Further, the EA reflects that several alternatives were addressed and considered.  Also, there is a significant portion of the EA devoted to consideration of the Section 404(b) guidelines of the CWA as well as consideration of public interest factors.  While Plaintiffs are correct that they do not have to "win the case" on a TRO motion, the Court must be convinced that it is substantially likely that Plaintiffs will prevail on the merits.  Based on the current record, the Court is unable to reach such a finding and cannot justify issuing the extraordinary remedy of a TRO.

While the other factors required for a TRO – namely, risk of irreparable injury, that

---

[18] *See Hayne Blvd. Camps Preservation Ass'n, Inc. v. Julich*, 143 F.Supp.2d 628, 635 (E.D. La. 2001) ("[I]n short, the view of the agency charged with administering a statute is entitled to considerable deference.") (citing *Chemical Mfrs. Ass'n v. Natural Res. Def. Council*, 470 U.S. 116, 125 (1985).
[19] *See* Rec. Doc. No. 15-31, p. 6.
[20] *Id.* (Atchafalaya Basinkeeper, pp. 14-17; Sierra Club, pp. 17-18, 19-20; Gulf Restoration Network, p. 18). 43830

the threatened injury outweighs the threatened harm to the Defendant, and that granting a TRO would serve the public interest – are arguably present, the Court's "hands are tied" considering the proof required that Plaintiffs are substantially likely to succeed on the merits.  Indeed, one court has stated that, "[t]he importance of this part of the four-factor analysis cannot be understated: 'The sine qua non of that formulation is whether the plaintiffs are likely to succeed on the merits.'"[21]

## V.    CONCLUSION

For the reasons set forth above, Plaintiffs' the *Motion for Temporary Restraining Order*[22] is DENIED.  Parties are ordered to submit briefs in accordance with the Court's January 30, 2018 *Minute Entry*.[23]

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>January 30, 2018</u>.


_____

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[21] *Northwest Bypass Group v. U.S. Army Corps of Engineers*, 453 F.Supp.2d 333, 339-40 (D. N.H. 2006)(quoting *Weaver v. Henderson*, 984 F.2d 11, 12 (1st Cir.1993)).
[22] Rec. Doc. No. 16.
[23] Rec. Doc. No. 22.
43830