UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ATCHAFALAYA BASINKEEPER,
LOUISIANA CRAWFISH PRODUCERS
ASSOCIATION-WEST, GULF RESTORATION    CIVIL ACTION
NETWORK, WATERKEEPER ALLIANCE, AND
SIERRA CLUB AND ITS DELTA CHAPTER

VERSUS                                  18-23-SDD-EWD

U.S. ARMY CORPS OF ENGINEERS

**RULING & ORDER**

This matter is before the Court on the *Motion to Stay Preliminary Injunction Pending Appeal*[1] filed by Intervenor Bayou Bridge Pipeline, LLC ("BBP"). Plaintiffs, Atchafalaya Basinkeeper, Louisiana Crawfish Producers Association-West, Gulf Restoration Network, Waterkeeper Alliance, and Sierra Club and its Delta Chapter ("Plaintiffs") filed an *Opposition* to this motion.[2] Because BBP essentially asks this Court to reverse its previous *Ruling*,[3] the motion will be denied.

**I.     BACKGROUND**

On February 27, 2018, the Court granted Plaintiffs' *Motion for Preliminary Injunction*,[4] finding that the Corps acted in arbitrary and capricious fashion by failing to adequately address restorative mitigation and cumulative effects on the environment for

---

[1] Rec. Doc. No. 88.
[2] Rec. Doc. No. 89. Plaintiffs' *Opposition* was not substantive but primarily requested until March 5, 2018 to file a detailed response. As of the date of this *Ruling*, Plaintiffs have filed no substantive *Opposition*.
[3] Rec. Doc. No. 86.
[4] Rec. Doc. No. 15.
44552

the proposed pipeline project in the Atchafalaya Basin. The Court also found that Plaintiffs had established the threat of irreparable harm and that the public interest in the environment and unique character of the Atchafalaya Basin outweighed any short-term economic harm to BBP. BBP now moves to stay the preliminary injunction pending appeal and argues that it has satisfied the four factors for a stay of the injunction.

## II. LEGAL STANDARD

Rule 62(c) of the Federal Rules of Civil Procedure provides in pertinent part:

> When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

Stay of an injunction should first be sought at the district court level.[5]

An application under Rule 62(c) is committed to the court's discretion informed by the balancing of certain factors.[6] The considerations on a motion for stay pending appeal are similar to those evaluated in deciding whether to grant a preliminary injunction.[7] The Fifth Circuit has held that a court must consider four factors in deciding whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[8] "A stay 'is not a

---

[5] Fed.R.App.P. 8(a).
[6] 11 Charles A. Wright, et al., Federal Practice and Procedure § 2904 at 501 (1995).
[7] *Schwartz v. Dolan*, 159 F.R.D. 380, 383 (N.D.N.Y.1995).
[8] *Texas v. U.S.*, 787 F.3d 733, 747 (5th Cir. 2015).
44552

matter of right, even if irreparable injury might otherwise result to the appellant.'"[9]

The movant bears the burden of proving these four factors.[10] "'[I]t is the movant's obligation to justify the court's exercise of such an extraordinary remedy.'"[11] "[T]he movant must address each factor, regardless of its relative strength, providing specific facts and affidavits supporting assertions that these factors exist."[12] Further, although the decision to grant relief under Rule 62(c) is within the district court's discretion, "the stay of an equitable order is an extraordinary device which should be granted sparingly."[13]

The balancing of these four factors is plainly a case-by-case task that does not submit to any rigid set of rules.[14] The factors do not function as "prerequisites" but as "interrelated considerations that must be balanced together."[15] The weight accorded each factor is not necessarily the same,[16] and no one factor is determinative.[17]

## III. ANALYSIS

The Court has considered BBP's arguments and applied the four factors set forth above. The Court finds that BBP's requested relief would turn the Court's *Ruling* on its head. The Court has already weighed the potential harm to BBP and found that the public interest and threat of harm to the environment outweighed the purported economic harm

---

[9] *Id.* at 747 (quoting *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir.2013)(quoting *Nken v. Holder*, 556 U.S. 418, 427 (2009)).
[10] *Wildmon v. Berwick Universal Pictures,* 983 F.2d 21, 23 (5th Cir.1992).
[11] *McGregor Printing Corp. v. Kemp*, 811 F.Supp. 10, 12 (D.D.C.1993) (quoting *Cuomo v. United States Nuclear Regulatory Com'n*, 772 F.2d 972, 978 (D.C.Cir.1985)), *rev'd on other grounds*, 20 F.3d 1188 (D.C.Cir.1994); 11 Federal Practice and Procedure, § 2904 at 503–05 ("Because the burden of meeting this standard is a heavy one, more commonly stay requests will not meet this standard and will be denied.").
[12] *Michigan Coalition v. Griepentrog*, 945 F.2d 150, 154 (6th Cir.1991) (citation omitted).
[13] *United States v. Louisiana*, 815 F.Supp. 947, 948 (E.D. La. 1993).
[14] *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987).
[15] *Michigan Coalitio*, 945 F.2d at 153.
[16] *Standard Havens Products v. Gencor Industries*, 897 F.2d 511, 512 (Fed.Cir.1990).
[17] *Constructors Ass'n of Western Pennsylvania v. Kreps*, 573 F.2d 811, 815 (3rd Cir.1978); *Republic Industries v. Central Pennsylvania Teamsters*, 537 F.Supp. 1036, 1036 (E.D.Pa.1982).
44552

to BBP. The Court has not been presented with any justifiable reason to stay the preliminary injunction and reverse the protection of the Atchafalaya Basin pending BBP's appeal to the Fifth Circuit. Indeed, the Court finds that it would be wholly inconsistent for this Court to grant Plaintiffs' motion for a preliminary injunction, yet grant a stay pending appeal.[18] The Court maintains its finding that such a considerable project - that will have permanent damaging environmental impacts to the Atchafalaya Basin - should at least be halted until this matter can be tried on the merits.

Accordingly, BBP's *Motion to Stay Preliminary Injunction Pending Appeal*[19] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>March 7, 2018</u>.

*[signature: Shelly D. Dick]*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[18] *Monumental Task Committee, Inc. v. Foxx*, No. 15-cv-6905, 2016 WL 430450 at *2 (E.D. La. Feb. 4, 2016).
[19] Rec. Doc. No. 88.
44552