IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF LOUISIANA

|  |  |
|---|---|
| ATCHAFALAYA BASINKEEPER, LOUISIANA CRAWFISH PRODUCERS ASSOCIATION-WEST, GULF RESTORATION NETWORK, WATERKEEPER ALLIANCE, and SIERRA CLUB and its DELTA CHAPTER,<br><br>   Plaintiffs,<br>v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br><br>   Defendant,<br><br>and<br><br>BAYOU BRIDGE PIPELINE, LLC, and STUPP BROS., INC. D/B/A STUPP CORP.<br><br>   Intervenors-Defendants. | No. 3:18-cv-00023-SDD-EWD |

**UNITED STATES ARMY CORPS OF ENGINEERS'
OPPOSITION TO PLAINTIFFS' MOTION TO LIFT STAY**

**INTRODUCTION**

Plaintiffs ask this Court to lift the stay of this case so that Plaintiffs may relitigate the issue of their entitlement to preliminary relief.  Plaintiffs' motion is the latest in a series of attempts to rush review of this case despite: (1) a rejection of their efforts to secure preliminary relief by the Court of Appeals; (2) the Court finding good cause to issue a stay in this case; and (3) previous agreements to a single round of merits briefing.  Rec. Doc. 151.  This Court should deny Plaintiffs' motion for at least three reasons.  First, the Court's general order staying all civil litigation involving the United States is appropriate and necessary in light of the lapse of appropriations for the United States Department of Justice ("Department").  Second, Plaintiffs

1

are not entitled to another bite at the apple, especially in light of the Fifth Circuit's decision denying preliminary relief, which is the law of the case and forecloses preliminary relief on their claims.  And third, another preliminary injunction briefing schedule, along with another evidentiary hearing and argument, is wasteful and unnecessary given the posture of this case and the ability of the parties to proceed to summary judgment once Congress appropriates funds for the Department of Justice.

## ARGUMENT

At the end of the day on December 21, 2018, the appropriations act that had been funding the Department of Justice expired and appropriations to the Department lapsed.  The Department does not know when funding will be restored by Congress.  Absent an appropriation, Department of Justice attorneys are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.  This Court recognized that reality on December 28, 2018, when it issued a general order staying all civil litigation involving the United States as a party pending a new appropriation for the Department of Justice.  General Order 2018-21.  As of the date of the filing of this opposition, the Department of Justice remains unfunded, and the Department of Justice attorneys representing the Corps in this litigation have all been placed on non-pay, non-duty status.[1]  In sum, the concerns underlying this Court's General Order remain operative, and the Corps and Justice Department respectfully submit that this Court should continue to hold this matter in abeyance until Congress restores funding to the Department of Justice.

---

[1] Because Department of Justice counsel have been furloughed, and because this case has been stayed, counsel have been statutorily prohibited from working on this case except in very limited circumstances, such as responding to this motion.  For example, Justice Department attorneys have not been authorized to review Plaintiffs' motion for summary judgment that they filed despite this Court's previously-issued General Order staying all deadlines in this action.

In arguing that the Antideficiency Act, 31 U.S.C. § 1342, does not warrant a stay of this action, Plaintiffs rely on recent decisions from courts that have not imposed a General Order staying all cases as this Court did. Unlike those other courts, this Court has placed the burden of persuasion on the party seeking to lift the stay—not the government. Moreover, the D.C. Circuit law on this issue is unsettled. *See Air Transp. Assoc. of Am. v. FAA*, No. 18-1157, 2019 WL 190254, at *1 (D.C. Cir. Jan. 15, 2019) (J. Randolph, dissenting) (citing cases where stays were granted and concluding that "[i]t is obvious that our circuit has not settled upon any principled way of deciding these stay motions."). The case on which Plaintiffs principally rely, *Kornitzky Group, LLC v. Elwell*, only briefly analyzes the applicability of the "authorized by law" exception in 31 U.S.C. § 1342 and assumes the continued operation of the Judicial Branch during the furlough, s*ee* No. 18-1160, 2019 WL 138710, at *1 (D.C. Cir. Jan. 9, 2019), an assumption called into question by the recent announcement from the Administrative Office of the United States Courts that, absent a new appropriation, the Federal Judiciary will be unable to sustain paid operations beyond February 1, 2019.

Likewise, Plaintiffs' reliance on the recent denial of a stay in *Waterkeeper Alliance, Inc. v. Wheeler* is misplaced. No. 18-2230 (JDB) (D.D.C. Jan. 24, 2019). That decision also contains scant analysis of the Antideficiency Act. *Id.* Importantly, that court did not require the Department of Justice to engage in an extensive and expedited briefing and argument schedule during a lapse in appropriations, but merely required Department counsel to confer with plaintiffs on a briefing schedule and the compilation of an index. *Id.* (denying a stay but granting a one-week extension in light of "the minimal resources required for defendants to meet pending deadlines."). Here, in contrast, Plaintiffs ask not only to lift the stay but—even more egregiously—to force the Corps to respond to a *de facto* 65-page preliminary injunction memorandum and accompanying extra-record declarations by February 4, 2019, a date little

3

more than a week away.  *See* Pls.' Proposed Order for Motion to Lift Stay, Rec. Doc. 180-2 ("any party that wishes to file an opposition to plaintiffs' second motion for a preliminary injunction do so on or before February 4, 2019"); Pls.' Memo in Supp. of Second Mot. for Prelim. Inj. 6, Rec. Doc. 179-1 ("For purposes of this [25-page] preliminary injunction motion, Basinkeeper briefly summarizes its merits claims but refers the Court to its [40-page] summary judgment brief for complete argument and administrative record citations.").

Further, Plaintiffs have already had their day in court on the issue of preliminary relief, and this Court should not afford Plaintiffs another bite at the apple.[2]  This Court previously concluded that Plaintiffs had not demonstrated a likelihood of success on the merits of their claims relating to the Corps' analysis of oil spill risks, and the Fifth Circuit found that Plaintiffs had not demonstrated a likelihood of success on the other claims presented.  *See Atchafalaya Basinkeeper v. U.S. Army Corps of Eng'rs*, 310 F. Supp. 3d 707, 722-27 (M.D. La. 2018) (oil spill claims), vacated on other grounds 894 F.3d 692 (5th Cir. 2018); *id.* at 698-703 (mitigation claims); *id.* at 703-04 (cumulative impacts claim).

Nothing has changed since the Fifth Circuit held that Plaintiffs are not entitled to a preliminary injunction.  Then, as now, work was proceeding in the basin.  Then, as now, Plaintiffs protested that, absent emergency relief, their interests would be irreparably harmed and certain of their claims could be mooted.  Against this same backdrop, the Fifth Circuit upheld the Corps' analysis, rejecting Plaintiffs' claims under the highly deferential standard of the

---

[2] In addition to the reasons this Court should deny Plaintiffs' motion explained *infra* and *supra*, Plaintiffs' latest request for preliminary relief presents as a thinly-veiled enforcement action, a claim which is not pleaded and over which this Court has no jurisdiction.  *See, e.g.*, *Heckler v. Chaney*, 470 U.S. 821, 837-38 (1985) (holding that "agency refusals to institute investigative or enforcement proceedings" are unreviewable "unless Congress has indicated otherwise"); *Gulf Restoration Network v. McCarthy*, 783 F.3d 227, 234 (5th Cir. 2015) ("For '[r]efusals to take enforcement steps . . . the presumption is that judicial review is not available.'  While Congress can trump this presumption, it must be explicit in doing so." (citations omitted)).

Administrative Procedure Act. *Id.* The Fifth Circuit's adjudication of those issues remains the law of the case and is binding. *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 881 (5th Cir. 1993) (holding that decisions of law from the Circuit Court on interlocutory appeal are binding on the District Court as law of the case); *Gaala v. Brown*, 460 F. App'x 469, 476 (5th Cir. 2012) (same).

Plaintiffs had their opportunity to advance the claims of their choosing at the emergency relief stage, and each of those claims was rejected as insufficient for preliminary relief by either this Court or the Fifth Circuit. Courts should deny successive petitions that seek identical relief as contrary to the longstanding presumption against piecemeal adjudication of claims:

> The Court shall not allow [plaintiff] to litigate this matter through piecemeal, seriatim motions requesting the same relief, especially when the information that is the basis for the successive motion was in [plaintiff's] possession at the time of the filing of its first motion for preliminary injunction. This method of proceeding—which . . . likely would require another extensive evidentiary hearing—is vexatious and does a great disservice to the interests of [defendant] and the Court in the orderly conduct of this litigation. For these reasons, "parties ought to be 'held to the requirement that they present their strongest case for [relief] when the matter is first raised.'"

*Int'l Bus. Machs. Corp. v. Johnson*, No. 09 Civ. 4826 (SCR), 2009 WL 2356430, at *2 (S.D.N.Y. Jul 30, 2009) (quoting *Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004)). Plaintiffs are not entitled to piecemeal adjudication of successive emergency motions, which are especially onerous to the Corps with Department of Justice counsel furloughed.

Plaintiffs' attempts to secure piecemeal adjudication of their claims have been a recurring theme of this litigation, and show no signs of abating. *See* Rec. Doc. 133 at 3 (expressing Plaintiffs' preference for piecemeal partial summary judgment motions). Plaintiffs appear to desire a resolution of their current emergency preliminary injunction motion, in tandem with what would amount to emergency summary judgment proceedings for the claims in the original complaint due to the Department's inability to address that motion during the lapse in

appropriations. Moreover, given that Plaintiffs' motion for leave to amend the Complaint to add additional claims remains pending, it appears that Plaintiffs would try *yet again* to obtain preliminary relief and another round of summary judgment briefing thereafter. This approach was specifically rejected by the Court at the October 2, 2018 status conference. *See* Rec. Doc. 151. If allowed here, Plaintiffs' successive motions will result in hundreds of pages of additional briefing, placing a substantial and unjustified burden on the Court and the Corps.

As the Corps expressed at the October 2, 2018 status conference, successive partial motions for summary judgment or preliminary relief are unnecessary and wasteful. Rather, the Court should maintain the stay until funding is restored, and thereafter decide the pending motion for leave to amend (Rec. Doc. 127) and the pending motion relating to extra-record evidence (Rec. Doc. 157) and set a schedule for a single round of summary judgment briefing consistent with the Court's resolution of those motions. Counsel for the Corps will notify the Court as soon as Congress has appropriated funds for the Department, minimizing the delay caused by the lapse in appropriations to the extent possible. There is no reason for the Court or the parties to engage in a second, hasty preliminary relief litigation under these circumstances. *See Ctr. for Marine Conservation v. Brown*, 905 F. Supp. 383, 388 (S.D. Tex. 1995) (temporarily denying motion for preliminary injunction because "the Court is not inclined to engage in piecemeal, interlocutory resolution of this case when the case may be finally resolved in a manner of months.").

## CONCLUSION

The time for rushed, emergency litigation has long since passed. Respectfully, this Court should deny Plaintiffs' motion to lift the stay and continue to hold this matter in abeyance pending a new appropriation for the Department.

Dated: January 24, 2019  Respectfully submitted,

BRANDON J. FREMIN
United States Attorney

*/s/ Ellen Miletello Kinney*
ELLEN MILETELLO KINNEY, LBN 34679
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana  70801
Telephone: (225) 389-0443
Fax: (225) 389-0561
E-mail:  ellen.kinney@usdoj.gov

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice


*/s/ Heather E. Gange*
HEATHER E. GANGE (DC Bar 452615)
Senior Attorney
United States Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel.: (202) 514-4206
Fax: (202) 514-8865
Email: heather.gange@usdoj.gov


JUDITH E. COLEMAN (DC 980382)
TYLER M. ALEXANDER (CA 313188)
Trial Attorneys
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20004-7611
Tel: (202) 514-3553
Fax: (202) 305-0506
Email: Judith.Coleman@usdoj.gov
         Tyler.Alexander@usdoj.gov
*Attorneys for U.S. Army Corps of Engineers*

## CERTIFICATE OF SERVICE

      I hereby certify that, on January 24, 2019, a copy of the foregoing was filed through the Court's CM/ECF management system and electronically served on counsel of record.

                                              */s/   Heather E. Gange*
                                              Heather E. Gange
                                              Attorney for U.S. Army Corps of Engineers