UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ATCHAFALAYA BASINKEEPER, LOUISIANA CRAWFISH PRODUCERS ASSOCIATION-WEST, GULF RESTORATION NETWORK, WATERKEEPER ALLIANCE, and SIERRA CLUB and its DELTA CHAPTER,<br><br>                 Plaintiffs,<br>  v.<br><br>U.S. ARMY CORPS OF ENGINEERS<br><br>                 Defendant,<br>  and<br><br>BAYOU BRIDGE PIPELINE, LLC, and STUPP BROS. d/b/a STUPP CORPORATION<br><br>                 Intervenor Defendants. | Civ. No. 3:18-cv-00023-SDD-EWD<br><br>RESPONSE TO MOTION FOR SCHEDULING ORDER |

Plaintiffs Atchafalaya Basinkeeper et al. ("Basinkeeper") respectfully submit this response to the motion by defendant U.S. Army Corps of Engineers to adopt a new scheduling order in this case. Basinkeeper has no objection to a telephonic scheduling conference should the Court find one useful, but believes that it is unnecessary. This Court already heard from the Corps about the way it preferred that this case be resolved, and in most respects, the Corps got its way. Now the Corps seeks to upend the Court's scheduling order in a way that would prejudice Basinkeeper by delaying this case even further. These delay tactics should not succeed. Basinkeeper is willing to withdraw its motion for a preliminary injunction if the summary judgment schedule is restored and decided expeditiously. Conversely, if the Court delays resolution of the summary judgment motion to accommodate the Corps' preferred approach, Basinkeeper asks that it require immediate responses to the preliminary injunction motion.

1

The Corps first complains about the motion to amend the complaint, which Basinkeeper filed in August of 2018, immediately after the 5th Circuit's decision.  Had the Corps not opposed this routine procedural motion, the entire issue would have been resolved long ago.  This Court made the decision at the October 2, 2018 conference to establish a schedule for the production of the record and an exchange of summary judgment motions on the existing case, without respect to the amended complaint.  *See* ECF No. 151.  The Court stated during this conference that the motion to amend was in the Magistrate Judge's hands—indicating that it would be resolved separately.  The Corps did not object then, but rather waited until Basinkeeper filed its motion for summary judgment, per the schedule that the Corps advocated for, before complaining.  The Corps should not be allowed to upend the schedule now.[1]

Their second complaint is with respect to Basinkeeper's (and BBP's) motion to supplement the record.  Again, this Court adopted the approach with respect to separate briefing on extra-record evidence at the Corps' urging and over Basinkeeper's objection.  In the motion to supplement, filed at the direction of this Court, Basinkeeper asked the Court to consider extra-record evidence or, in the alternative, to defer a decision until the summary judgment motions were fully briefed.  Because the motions remain pending, Basinkeeper assumes the Court adopted this latter approach.  The Corps' demand that the Court rule on the motions to supplement before it responds to Basinkeeper's summary judgment motion is presumptuous and should be rejected.  Moreover, the Corps is also wrong that any issue will require "re-briefing" based on the decision on the motion to supplement.  Rather, the Court can consider whatever

---

[1] The Corps hypothesizes that the issues in the pending summary judgment motion are implicated by the decision on the motion to amend the complaint—warranting delay of that motion.  That is wrong.  The pending summary judgment motion assumes the validity of the Corps' mitigation procedures and will not be affected by the decision on the motion to amend.

2

evidence it deems appropriate for the summary judgment motions and render a decision, as is commonplace in these kinds of cases.

Finally, the Corps' scheduling motion is silent as to how the Court should handle the pending preliminary injunction motion, except to misrepresent it as an attempt to re-litigate matters already decided, and deem it improper. The matters before the Court in the motion for preliminary injunction have nothing to do with the issues decided by the Fifth Circuit. The arguments on the merits are entirely new and based on the administrative record that was unavailable at the time of the last preliminary injunction. The only applicable "law of the case" relevant at this juncture is that this Court already found that pipeline construction causes irreparable harm to the Atchafalaya Basin, and that the balance of harms and the public interest favor an injunction. There is nothing improper about filing a second preliminary injunction with new legal arguments based on new circumstances. In fact, Basinkeeper's motion was precipitated by the Corps' persistent refusal to enforce its own permit and its repeated efforts to delay resolution of this case.

Contrary to the Corps' suggestion, the best way to move this case forward is to reinstate the established summary judgment deadlines, and move forward expeditiously to resolve them. Because of the ongoing harm to the Basin, the Court should include an explicit finding that this case involves the "protection of property," such that the briefing schedule will remain in place in the event of another government shutdown consistent with the terms of the Anti-Deficiency Act, 31 U.S.C. § 1342; ECF No. 180-1. Should the Court enter an order, Basinkeeper is willing to withdraw its pending motion for a preliminary injunction. However, if summary judgment briefing is delayed further as requested by the Corps, Basinkeeper asks the Court to set a

3

deadline for an immediate response to the preliminary injunction motion and schedule a hearing as soon as possible.

Respectfully submitted this 31st day of January, 2019.

						_____
						Jan E. Hasselman
						WSBA #29107
						*(Lead Attorney; Admitted Pro Hac Vice)*
						Jaimini Parekh
						CABA #309983
						*(Admitted Pro Hac Vice)*
						Earthjustice
						705 2nd Avenue, Suite 203
						Seattle, WA 98104
						Ph: (206) 343-7340/Cell: (206) 719-6512
						Fax: (206) 343-1526
						jhasselman@earthjustice.org
						jparekh@earthjustice.org

						Adrienne Bloch
						CABA #215471
						*(Admitted Pro Hac Vice)*
						50 California St. Suite 500
						San Francisco, CA 94111
						Ph: (415) 217-2000/Fax: (415) 217-2040
						abloch@earthjustice.org
						*Attorneys for Plaintiffs*

						_____
						Alisa Coe
						LSBA #27999
						Earthjustice
						111 S. Martin Luther King Jr. Blvd
						Tallahassee, FL 32301
						Ph: (850) 681-0031/Fax: (850) 681-0020
						acoe@earthjustice.org
						*Local Counsel for Plaintiffs*

						Misha L. Mitchell,
						LSBA #37506
						Atchafalaya Basinkeeper
						47 Mt Laurel Ave

4

5

        Birmingham, AL 35242
        Phone: (225) 692-1133/Fax: (225) 692-4114
        basinkeeperlegal@gmail.com
        *Attorney for Atchafalaya Basinkeeper*

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record by filing the same in this Courts' CM/ECF system on this 31st day of January, 2019.

*s/ Jan E. Hasselman*
*Jan E. Hasselman*
