# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ATCHAFALAYA BASINKEEPER,
LOUISIANA CRAWFISH PRODUCERS
ASSOCIATION-WEST, GULF RESTORATION         CIVIL ACTION
NETWORK, WATERKEEPER ALLIANCE, AND
SIERRA CLUB AND ITS DELTA CHAPTER

VERSUS                               18-23-SDD-EWD

U.S. ARMY CORPS OF ENGINEERS

## RULING

This matter is before the Court on the second *Motion for Preliminary Injunction*[1] filed by Plaintiffs, Atchafalaya Basinkeeper, Louisiana Crawfish Producers Association-West, Gulf Restoration Network, Waterkeeper Alliance, and Sierra Club and its Delta Chapter ("Plaintiffs").   Plaintiffs seek an injunction from the Court to prevent alleged irreparable harm to the Atchafalaya Basin based on Plaintiffs' claim that Bayou Bridge is violating key provisions of the permit by continuing construction in the Basin even though conditions in the Basin are in flood stage.[2]

A preliminary injunction is an "extraordinary and drastic remedy" that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.[3]   A plaintiff

---

[1] Rec. Doc. No. 179.
[2] Rec. Doc. No. 179-1.
[3] *Munaf v. Geren*, 553 U.S. 674, 689, 128 S.Ct. 2207, 171 L.Ed.2d 1 (2008).
50107

seeking a preliminary injunction must establish (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the substantial injury outweighs the threatened harm to the party whom the plaintiff seeks to enjoin; and (4) that granting the preliminary injunction will not disserve the public interest.[4]

This Court previously granted a preliminary injunction on Plaintiffs' motion staying the construction in the Basin,[5] and the Court denied the *Motion to Stay Preliminary Injunction Pending Appeal* by the Corps and Bayou Bridge.[6]  The Corps and Bayou Bridge took an appeal, and the Fifth Circuit reversed both the stay of construction pending appeal[7] and this Court's *Ruling* granting Plaintiffs' preliminary injunction, finding that Plaintiffs had not demonstrated a likelihood of success on the merits.[8]

In the present motion, Plaintiffs maintain that the flooding issue and alleged violations of the permit were not before the Fifth Circuit on appeal, and the Fifth Circuit did not address these claims in its Opinion; therefore, this issue is ripe for adjudication before the Court.   The record belies this contention.

In response to Plaintiffs' brief filed with the Fifth Circuit,[9] Appellant Bayou Bridge moved to supplement the record with a declaration,[10] and the Fifth Circuit granted this

---

[4] *Planned Parenthood Ass'n of Hidalgo Cty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012); *accord Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).
[5] Rec. Doc. No. 86.
[6] Rec. Doc. No. 96.
[7] Case No. 18-30257, Doc. No. 00514388428.
[8] Rec. Doc. No. 126.
[9] Case No. 18-30257, Doc. No. 00514428039.
[10] Case No. 18-30257, Doc. No. 00514438746.
50107

motion.[11]  In Plaintiffs' appellate brief, they claimed that "construction in the Basin has not resumed due to high water conditions that are likely to persist for months."[12]  The declaration of Cary J. Farber, Project Manager for the Bayou Bridge Pipeline, addressed the process of determining what water levels and conditions would be safe for construction.[13]  Plaintiffs never responded to, or challenged, Bayou Bridge's motion or this declaration during the appeal.   With this declaration as part of the appellate record, the Fifth Circuit held that Plaintiffs had failed to demonstrate a likelihood of success on the merits.  Accordingly, this issue is not properly before the Court on a renewed motion for a preliminary injunction.

Plaintiffs also fails to satisfy the necessary showing of irreparable harm.  The record reflects that Plaintiffs complained to the Corps via letter about elevated water levels and the potential permit violations at issue herein as far back as March 2018.[14] Plaintiffs sent another letter to the Corps regarding the same issues on May 9, 2018, and a "Supplemental Notice of Potential Permit Violations" dated June 1, 2018, which alleged the same permit violations based on observations and measurements taken in May 2018.[15]  On January 4, 2019, Plaintiffs sent a "Third Notice of Potential Permit Violations" to the Corps based on monitoring that had taken place in October 2018 and December 2018.[16]  Thus, at the time Plaintiffs filed the present motion on January 23, 2019, Plaintiffs

---

[11] Case No. 18-30257, Doc. No. 00514544184.
[12] *Id.* at 1.
[13] Case No. 18-30257, Doc. No. 00514438747, Farber Declaration.
[14] Rec. Doc. No. 177-2 at 8-9.
[15] *Id.* at 16-18.
[16] *Id.* at 23-31.
50107

had knowledge of these alleged permit violations and believed these alleged violations were harming the Basin for nearly a year.  This delay in bringing the pending motion undermines Plaintiffs' claims of urgency and irreparable harm.

"[D]elay in seeking a remedy is an important factor bearing on the need for a preliminary injunction. Absent a good explanation, a substantial period of delay militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief."[17]  Wright and Miller recognizes that "[a] long delay by plaintiff after learning of the threatened harm also may be taken as an indication that the harm would not be serious enough to justify a preliminary injunction."[18]  The Court finds that the delay between knowledge of the harm and the filing of this motion undermines the urgency of the request.[19]  Additionally, it is undisputed that the construction in the Basin is near completion, and the request for relief may already be moot.

---

[17] *Gonannies, Inc. v. GoAuPair.Com, Inc.*, 464 F.Supp.2d 603, 609 (N.D. Tex. 2006) (quoting *Wireless Agents, L.L.C. v. T–Mobile USA, Inc.*, 2006 WL 1540587, *3 (N.D. Tex. June 6, 2006) (internal citations and punctuation omitted)).

[18] 11A Charles A. Wright, Arthur R. Miller, et al., *Federal Practice and Procedure*, § 2948.1 (3d ed. 2018).

[19] *See Gonannies*, 464 F.Supp.2d at 609 (citing *Tough Traveler, Ltd. v. Outbound Prod.*, 60 F.3d 964, 968 (2d Cir. 1995) (vacating preliminary injunction where movant waited four (4) months to seek a preliminary injunction after filing suit); *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985) (ten (10) week delay in seeking injunction for trademark infringement undercut claim of irreparable harm); *Boire v. Pilot Freight Carriers, Inc.*, 515 F.2d 1185, 1193 (5th Cir. 1975) (affirming district court's denial of temporary injunctive relief where movant, among other things, delayed three (3) months in making its request) (descriptions of authority quoted from *Gonannies* )).

50107

Accordingly, Plaintiffs' Second *Motion for Temporary Restraining Order*[20] is DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, the 7th day of February, 2019.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[20] Rec. Doc. No. 179.

50107