IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ATCHAFALAYA BASINKEEPER, LOUISIANA CRAWFISH PRODUCERS ASSOCIATION-WEST, GULF RESTORATION NETWORK, WATERKEEPER ALLIANCE, and SIERRA CLUB and its DELTA CHAPTER,<br><br>    Plaintiffs,<br>v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br><br>    Defendant,<br><br>and<br><br>BAYOU BRIDGE PIPELINE, LLC, and STUPP BROS., INC. D/B/A STUPP CORP.<br><br>    Intervenors-Defendants. | No. 3:18-cv-00023-SDD-EWD |

**UNITED STATES ARMY CORPS OF ENGINEERS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION  (REC. DOC. 194)**

Defendant United States Army Corps of Engineers (the "Corps") opposes Plaintiffs' Motion for Reconsideration of the Court's Order of February 14, 2019 (Rec. Doc. 193) ("February 14 Order").  The Court's decision to resolve the motions regarding the administrative record prior to summary judgment briefing, as reflected in the February 14 Order, was correct and provides the parties with clarity for moving forward while conserving the resources of the Court and litigants.  The Order set out an appropriate path to a final decision on Plaintiffs' claims consistent with the record-review principles of the Administrative Procedure Act, 5 U.S.C. §§ 702-706 ("APA").  Plaintiffs supply no legitimate basis for disturbing that decision.  As explained below, their Motion is untimely and unsupported and should be denied.

1

**A. Background**

Earlier this year, while appropriations for the Department of Justice were suspended and this case was stayed, Plaintiffs filed a motion for summary judgment and their second motion for a preliminary injunction in this case (Rec. Doc. 171; Rec. Doc. 179). Plaintiffs filed these motions notwithstanding the stay, and notwithstanding the fact that several motions bearing on the scope of Plaintiffs' claims remained pending before the Court, including two motions concerning the scope of the administrative record (Rec. Doc. 157; Rec. Doc. 158) ("Record Motions"). Because the Court had previously indicated that it intended summary judgment briefing to proceed only after the Record Motions were resolved (Rec. Doc. 151), the Corps moved for entry of a scheduling order after the stay was lifted (Rec. Doc. 188), and, later, for clarification of pertinent deadlines (Rec. Doc. 191).

The Court then issued several rulings that restored order to the docket following Plaintiffs' premature filings. On February 7, the Court denied Plaintiffs' second motion for a preliminary injunction (Rec. Doc. 190). Then, on February 11, the Magistrate Judge denied Plaintiffs' pending motion for leave to amend their complaint (Rec. Doc. 192). On February 14, the Court issued the Order discussed herein, clarifying that summary judgment briefing would not proceed until after the Court had ruled on the Record Motions. Feb. 14 Order, at 2 ("Upon resolution of the [Record Motions], the Court will allow the parties to substitute and/or supplement briefs, if necessary, to comport with the Court's Rulings, and, *at that time,* the Court will enter new briefing deadlines." (emphasis added)). The Court explained that, in its view, "the resolution of [the Record Motions] will clarify what constitutes the record in this matter for purposes of dispositive motions." *Id.*

The Court's decision was reasonable and consistent with the APA's limitation of review to the record before the agency. *See* 5 U.S.C. § 704. It is also pragmatic, avoiding the need for the parties to repeat arguments from the Record Motions in their summary judgment briefs, and potentially narrowing and focusing the arguments for the Court to resolve on the merits. As the Corps explained in the motion to clarify (which is the motion granted by the February 14 Order), resolving the Record Motions first will "simplify briefing in this matter, ensure a clean record, conserve the time and resources of the parties and the Court, and foster judicial economy." Rec. Doc. 191, at 3.[1] Indeed, no party sought relief from the February 14 Order, until now.

**B.  Plaintiffs' Motion for Reconsideration Should Be Denied.**

Plaintiffs' Motion is simply too little, too late—and in any event will not foster the efficient resolution of this case. This Court has previously observed that "[t]he Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order[,]" and although a motion for reconsideration may be considered as a motion to alter or amend a judgment under Rule 59(e), "reconsideration of a judgment under Rule 59(e) . . . is permitted only in narrow situations, 'primarily to correct manifest errors of law or fact or to present newly discovered evidence.'" *La. Envtl. Action Network v. ExxonMobil Corp. ("LEAN")*, No. CV 16-144-SDD-RLB, 2017 WL 2772090, at *2 (M.D. La. June 26, 2017) (citing *Bass v. U.S. Dep't of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000)). Plaintiffs' Motion fails to meet the high bar for reconsideration.

---

[1] As the Corps explained in its motion for a scheduling order, "[Plaintiffs' extra-record] material and related arguments are not properly before the Court for the reasons detailed in the Corps' opposition to Plaintiffs' Motion to Supplement (Rec. Doc. 169). It therefore is likely that a significant portion of the merits arguments in both the summary judgment and preliminary injunction motions will be mooted once the Motion to Supplement is decided. If the Motion to Supplement is decided *after* the parties brief those new motions, the Corps anticipates that partial or full re-briefing may be necessary." Rec. Doc. 188, at 6.

3

First, Plaintiffs' Motion is untimely. A motion under Rule 59(e) must be filed "no later than 28 days" after the "judgment" at issue. Fed. R. Civ. P. 59(e). Plaintiffs' Motion was filed <u>71 days</u> after the February 14 Order. Moreover, Plaintiffs have been aware of the facts that supposedly precipitated their Motion since long before the February 14 Order. Last June, Bayou Bridge informed the parties that construction of the pipeline was 76% complete and was expected to be finished in October 2018. *See* Bayou Bridge Resp. to Court Directive, 5th Cir. No. 18-30257, Doc. No. 00514551018 (June 27, 2018). Although construction appears to have taken longer than expected, Plaintiffs have been actively monitoring the progress of pipeline construction and thus knew, or should have known, that pipeline operations could begin prior to the Court's resolution of the Record Motions. *See, e.g.*, Rec. Doc. 179-1, at 14 (noting, on January 23, that "backfilling to bury the existing [construction] trench . . . is likely to occur imminently"). Plaintiffs thus had the opportunity to raise concerns about spills and leaks from pipeline operations in briefing the scheduling issues in January and February, but they inexplicably chose not to do so. Their briefs focused on the fact that construction was "ongoing" at that time and did not mention potential pipeline operations. *See* Rec. Doc. 189, at 3 (citing "ongoing harm" to the basin from construction); *see also, e.g.*, Rec. Doc. 180-1, at 2 (requesting that stay be lifted because of "ongoing construction in the pipeline right of way"). Plaintiffs' decision to seek relief from the February 14 Order only after the pipeline became operational is inexcusable.

Setting aside their unexcused delay, Plaintiffs have also failed to identify any basis for reconsideration of the February 14 Order. As noted, the Court's decision to address the Record Motions prior to setting summary judgment briefing deadlines is the appropriate path to a final ruling in this case, which is subject to the constraints of the APA. Plaintiffs do not identify any

error of law or fact, much less a "manifest error," in the February 14 Order, and they present no "newly discovered evidence" warranting reconsideration. *LEAN*, 2017 WL 2772090, at *2. Plaintiffs' assertion that "circumstances have changed" is not a sufficient (or accurate) basis for reconsideration. Rec. Doc. 194-1, at 4. The movant must present new "*evidence*," as Plaintiffs' own citation makes clear. *Id.* at 3 (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002) (emphasis added)). Moreover, the changed circumstances Plaintiffs identify are limited to (1) the completion of the pipeline, which has been anticipated for months, and (2) an investigation into Energy Transfer Partners concerning a different pipeline in a different region of the country. *See id.* at 4-5. Neither of these developments constitutes new evidence undermining the reasoned basis for the Court's decision.

Finally, Plaintiffs' allegation that the current schedule works a "manifest injustice" upon them is wholly unsupported. Rec. Doc. 194-1, at 5. Plaintiffs contend that there is a "serious, unexamined risk of oil spills and leaks" in the Atchafalaya Basin, and that they are being forced to wait "without an opportunity to have their legal claims heard." *Id.* Both contentions are incorrect. This Court heard Plaintiffs' "legal claims" about the Corps' analysis of oil spill risks in a two-day preliminary injunction proceeding in February 2018 and concluded, after a thorough analysis, that the Corps had adequately considered those risks in its Section 408 EA. Rec. Doc. 86, at 18-29. The Fifth Circuit rejected Plaintiffs' other legal claims on appeal. *See Atchafalaya Basinkeeper v. U.S. Army Corps of Eng'rs*, 894 F.3d 692 (5th Cir. 2018). Plaintiffs then filed a second motion for preliminary injunction, based on alleged harm from pipeline construction, which the Court denied. Rec. Doc 190. With Plaintiffs' request for immediate relief resolved, the Court has appropriately placed this case on an orderly path toward a final decision. Plaintiffs' desire to have that decision issue sooner rather than later does not constitute a

5

manifest injustice or otherwise justify reconsideration of the Court's February 14 Order. The February 14 Order is in the best interest of an orderly and efficient resolution of this case, and Plaintiff's belated reconsideration motion offers no justification to disturb that order.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration should be denied.

Dated: May 6, 2019                Respectfully submitted,

BRANDON J. FREMIN
United States Attorney

ELLEN MILETELLO KINNEY (LBN 34679)
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, LA 70801
Tel: (225) 389-0443
Fax: (225) 389-0685
Email: ellen.kinney@usdoj.gov

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

*/s/   Judith E. Coleman*
JUDITH E. COLEMAN (DC 980382)
TYLER M. ALEXANDER (CA 313188)
Trial Attorneys
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20004-7611
Tel: (202) 514-3553
Fax: (202) 305-0506
Email: Judith.Coleman@usdoj.gov
          Tyler.Alexander@usdoj.gov


EILEEN T. McDONOUGH (MD Bar)
HEATHER E. GANGE (DC Bar 452615)
Senior Attorneys

United States Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel.: (202) 514-4206
Fax: (202) 514-8865
Email: Eileen.McDonough@usdojg.gov
heather.gange@usdoj.gov

*Attorneys for U.S. Army Corps of Engineers*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 6, 2019, a copy of the foregoing was filed through the Court's CM/ECF management system and electronically served on counsel of record.

 

*/s/   Judith E. Coleman*
Judith E. Coleman
Attorney for U.S. Army Corps of Engineers