**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| ATCHAFALAYA BASINKEEPER, LOUISIANA CRAWFISH PRODUCERS ASSOCIATION-WEST, GULF RESTORATION NETWORK, WATERKEEPER ALLIANCE, and SIERRA CLUB and its DELTA CHAPTER,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br><br>Defendant,<br><br>and<br><br>BAYOU BRIDGE PIPELINE, LLC and STUPP BROS., INC. D/B/A STUPP CORPORATION,<br><br>Intervenor-Defendants. | Case No. 3:18-cv-00023-SDD-EWD |

**BAYOU BRIDGE PIPELINE, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION (D.E. 194)**

| | |
|---|---|
| William S. Scherman (*pro hac vice*)<br>David Debold (*pro hac vice*)<br>Jason J. Fleischer (*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036<br>(202) 955-8500<br>wscherman@gibsondunn.com | James C. Percy (#10413)<br>Brandon K. Black (#24298)<br>Justin J. Marocco (#35226)<br>JONES WALKER LLP<br>Four United Plaza<br>8555 United Plaza Blvd.<br>Baton Rouge, LA 70809<br>(225) 248-2130<br>jpercy@joneswalker.com |

*Counsel for Bayou Bridge Pipeline, LLC*

**INTRODUCTION**

Plaintiffs ask this Court to reconsider a decision it already reconsidered—and reaffirmed—because they disagree with how the Court is administering this case. But Plaintiffs' dissatisfaction with the Court's docket-management priorities is no reason to reconsider a ruling—which Plaintiffs unsuccessfully urged the Court to change just two months ago—that the record should be settled before summary judgment briefing proceeds based on that record. Not only are Plaintiffs' assertions of changed circumstances and manifest injustice factually wrong, the reason behind the Court's scheduling orders remains as sound now as it was both times the Court ruled on it and disagreed with Plaintiffs.

**BACKGROUND**

This is a case brought under the Administrative Procedure Act. As such, the resolution of Plaintiffs' claims will be governed by the administrative record. Plaintiffs have moved this Court to add to the record three large categories of materials that the U.S. Army Corps of Engineers (the Corps) did not include when it lodged that record. D.E. 158. The Corps and Intervenors—Bayou Bridge Pipeline LLC (Bayou Bridge) and Stupp Brothers—argue that the Corps properly excluded all three categories. D.E. 166 & 169. Intervenors have separately moved the Court to complete the record with proof of meetings that are relevant to Plaintiffs' claims and that the lodged record does not identify. D.E. 157. The Corps has opposed that motion. D.E. 165. Both motions are fully briefed.

On October 2, 2018, before those motions were briefed, this Court held a status conference at the request of the Corps. The Corps objected to briefing summary judgment before the proper scope of the record was settled. D.E. 131. Agreeing with the Corps, the Court set a schedule that would allow the Court to rule on record disputes *before* the parties briefed summary judgment. D.E. 151. Nonetheless, when Plaintiffs filed their motion to supplement the record, they once

1

again proposed a different course: *i.e.*, that the Court postpone ruling on the record disputes until after summary judgment was briefed. D.E. 158 at 2, 8-9.

Before this Court could rule on the pending motions disputing the scope of the record, the government shut down. This Court stayed all pending cases, such as this one, in which the government is a party. General Order 2018-21. Despite the stay and the absence of a ruling on the scope of the record, Plaintiffs went ahead and moved for summary judgment anyway. D.E. 177. Plaintiffs' premature summary judgment motion relies heavily on the three disputed categories of material they seek to add to the administrative record, *see, e.g.*, D.E. 177-1 at 3-5, 11, 18-22, 24-25, but does not reference the materials that Intervenors' Motion asks the Court to consider.

The Corps again asked for a status conference to avoid a situation where the parties would need to brief summary judgment before the record for that motion was settled. D.E. 188. On February 14, 2019 the Court again agreed with the Corps that summary judgment briefing should await the Court's ruling on the scope of the record. D.E. 193.

Plaintiffs now ask the Court to reconsider this scheduling matter yet again, alleging changed circumstances and manifest injustice.

**ARGUMENT**

Plaintiffs are dissatisfied that the Court has not yet resolved the two pending motions challenging the administrative record's scope. Rather than wait for this Court to get to those motions, Plaintiffs ask the Court to stop work on its various matters and decide *yet another* motion (this one). But adding more filings to the docket is no way to improve matters, especially where Plaintiffs offer no valid basis for reconsidering a decision the Court has already made *twice*. The "controlling law" has not "change[d]"; no "new evidence" has become "available"; and there is no "need to correct clear error of law or prevent manifest injustice." *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002) (reconsideration is limited to "(1) an intervening change in

controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice"). Plaintiffs' two arguments to the contrary are wrong. The motion should be denied.

Plaintiffs first say "circumstances have changed." D.E. 194-1 at 4. That is not the test. Plaintiffs' own motion admits there must be a change in "controlling law." *Id.* at 3 (citing the *Benjamin Moore* standard, *supra*). And even if an unexpected change in circumstances could count as "the availability of new evidence previously not available," nothing unexpected or new has occurred here. Plaintiffs have repeatedly urged the Court to move more quickly—and also have sought to enjoin construction altogether—because of their desire to prevent the very circumstance they say has changed: the pipeline's completion. *See, e.g.*, D.E. 133 at 3 (opposing the Corps' proposed schedule as too slow, "because construction of the pipeline appears to be nearing completion and it is urgent that this Court review claims related to oil spills prior to the start of operations"). The Court was also well aware when it reaffirmed the schedule in February that construction was "nearly complete." D.E. 184 at 3-4.

Plaintiffs further allege that developments in the construction of a gas pipeline in Pennsylvania count as "changed circumstances" too. D.E. 194-1 at 5. But even Plaintiffs admit that they have repeatedly raised this same concern about alleged problems with other pipelines. The same paragraph of Plaintiffs' motion calls this a "continu[ation]" of conduct that was "a central theme in" their earlier filings. *Id.* at 4. Plaintiffs' current iteration of these allegations, which rests on multiple levels of extra-record hearsay (news articles about an investigation), is wrong on the facts. But the Court need not delve into those errors, because apart from the fact that an investigation into construction of a natural gas pipeline running through Pennsylvania is irrelevant to the operation of a completed oil pipeline in Louisiana, Plaintiffs have already raised their concerns in this

3

Court about that very project. D.E. 15-1 at 7 (original preliminary injunction motion raises concerns about investigation of same Mariner pipeline); 15-23 at 7-8 (same). Thus, Plaintiffs cannot even satisfy the "changed circumstances" test that they have invented for this Motion.

Plaintiffs' second argument is that further delay in getting to summary judgment would be a "manifest injustice." D.E. 194-1 at 5. They fear "irreparable environmental and economic harm" if oil were to spill. *Id.* But neither this nor Plaintiffs' first assertion (alleged changes in circumstances) calls into question the correctness of this Court's quite sensible decision to wait until the record is settled before the parties brief summary judgment on that record. Completion of the pipeline does not change the fact that briefing summary judgment now would be premature, inefficient and wasteful, given that the parties would almost certainly need to file supplemental or replacement briefs that address the actual record the Court determines is proper rather than one the parties try to predict.

The concerns that Plaintiffs raise of potential injury before a ruling on the merits—*e.g.*, Plaintiffs' fears of "irreparable environmental and economic harm" noted above—are instead the type a court would consider in deciding a preliminary injunction motion. But Plaintiffs have twice failed in trying to qualify for such relief—including just three months ago. D.E. 190. And, in rejecting Plaintiffs' first preliminary injunction motion, this Court already found that the Corps' environmental assessment adequately assessed the same risks that Plaintiffs now assert: potential injury resulting from pipeline operations. D.E. 86 at 22. The Court should reject Plaintiffs' effort to dress up parts of their earlier preliminary injunction motions in different, ill-fitting clothing.

No doubt the real purpose of Plaintiffs' Motion can be found in its conclusion, where they ask, in the alternative, "that this Court resolve Basinkeepers' motion for consideration of extra-record evidence so that summary judgment can proceed expeditiously." D.E. 194-1 at 6. Bayou

4

Bridge does not presume to question the Court's judgment in prioritizing its workload. Plaintiffs' reconsideration motion, which has nothing new to say about a scheduling decision that the Court has already reaffirmed, is a particularly poor way to second-guess the Court's priorities.

## CONCLUSION

The Court should deny Plaintiffs' Motion for Reconsideration.

Dated: May 6, 2019

Respectfully submitted,

/s/ *Brandon K. Black*

| | |
|---|---|
| William S. Scherman (*pro hac vice*) | James C. Percy (#10413) |
| David Debold (*pro hac vice*) | Brandon K. Black (#24298) |
| Jason J. Fleischer (*pro hac vice*) | Justin J. Marocco (#35226) |
| GIBSON, DUNN & CRUTCHER LLP | JONES WALKER LLP |
| 1050 Connecticut Avenue, N.W. | Four United Plaza |
| Washington, D.C. 20036 | 8555 United Plaza Blvd. |
| (202) 955-8500 | Baton Rouge, LA 70809 |
| wscherman@gibsondunn.com | (225) 248-2130 |
| | jpercy@joneswalker.com |

5

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing motion and accompanying memorandum of law have been served upon all counsel of record by filing the same in this Court's CM/ECF system this 6th day of May 2019.

/s/ *Brandon K. Black*
Brandon K. Black
JONES WALKER LLP
Four United Plaza
8555 United Plaza Blvd.
Baton Rouge, LA 70809
(225) 248-2130